UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
08 SEP -4 PM 4:16
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Case No. |
| Plaintiff, | '08 MJ 2726 |
| v. | COMPLAINT FOR VIOLATION OF: |
| Marco Antonio CONTRERAS-Perez, | Title 8 U.S.C., Sec. 1324 (a)(2)(B)(iii) Bringing in Illegal Aliens Without Presentation |
| Defendant(s) | |

The undersigned complainant, being duly sworn, states:

On or about **September 2, 2008,** within the Southern District of California, defendant **Marco Antonio CONTRERAS-Perez**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Ferman VASQUEZ-Eusebio and Servando CEJA-Soria,** had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said aliens and upon arrival did not bring and present said aliens immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Jacob Sanchez
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **4th** DAY OF **SEPTEMBER 2008**

_____
Leo S. Papas
UNITED STATES MAGISTRATE JUDGE

DOA 9/2/08

## PROBABLE CAUSE STATEMENT

Furthermore, the complainant states that **Ferman VASQUEZ-Eusebio and Servando CEJA-Soria** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On September 2, 2008 Border Patrol Agent Marvin P. Jiron was conducting Border Patrol operations in an area known as "Memo Lane." This area is approximately one mile west of the port of entry at San Ysidro, California and is adjacent to the United States / Mexico International Boundary. At approximately 10:00 PM Border Patrol Agent Jiron observed a group of five suspected undocumented aliens jumping over the boundary fence to the east of his position in "Memo Lane" and running north to the secondary fence. As Agent Jiron responded to the scene he also observed the defendant, **Marco Antonio CONTRERAS-Perez** holding a ladder up to the secondary fence motioning to the others to climb up the ladder to scale the fence. Agent Jiron observed that two of the individuals had already jumped north of the fence only to be apprehended by Agent E. Juarez.

As Agent Jiron approached, the defendant picked up rocks to throw at him. Agent Jiron then deployed his pepper ball launcher system at the defendant and subsequently apprehended him as well as the two other individuals with him. Agent Jiron identified himself as a United States Border Patrol Agent and queried the group as to their immigration status. Each of them admitted to being citizens and nationals of Mexico illegally present in the United States. At 10:05 PM Agent Jiron placed the defendant and others under arrest and arranged for transportation to the Imperial Beach Border Patrol Station for processing.

Routine record checks reveal that the defendant is a highly active foot guide working for the "El Migue / El Chave" Alien Smuggling Organization. This smuggling organization is regarded as one of the most dangerous groups operating in the Imperial Beach area of responsibility. Known not only for their use of violent tactics towards Border Patrol Agents but their blatant disregard for the safety of smuggled aliens, "El Migue / El Chave" is credited with numerous alien smuggling events, assaults on officers, alien injuries, and several failure to yield pursuits placing aliens, law enforcement officers, and the public at large in jeopardy.

CONTRERAS has worked as a foot guide, a ladder man, and a scout in both the east and west sides of the San Ysidro, California Port of Entry. CONTRERAS often works alone and has been known to use violence towards Border Patrol Agents in order to escape apprehension.

DEFENDANT STATEMENT

The defendant was advised of his rights as per the Miranda Warning. The defendant understood his rights and agreed to be interviewed without representation.

Defendant Marco Antonio CONTRERAS-Perez once again admitted to being a citizen and national of Mexico illegally present in the United States. CONTRERAS stated that he illegally crossed the United States / Mexico International Boundary and admitted to illegally guiding a group of three undocumented aliens into the United States. CONTRERAS stated that he was working for an alien smuggling organization run by individuals he knows as "El Migue" and "El Chave" and was going to be paid an undetermined amount of money.

CONTINUATION OF COMPLAINT:
Marco ANTONIO Contreras-Perez

CONTRERAS stated that he has attempted to smuggle aliens on five previous occasions and that every time he has been apprehended by the Border Patrol it has been while he was working as a smuggler for the "El Migue / El Chave" smuggling organization. CONTRERAS stated that he was in fact holding the ladder on today's event as well as giving instructions to the individuals he was guiding. CONTRERAS claims he was instructed to lead the group over the United States / Mexico International Border to a car that was going to be waiting to the north of their position.

MATERIAL WITNESS STATEMENT

Material witnesses Servando CEJA-Soria and Ferman VASQUEZ-Eusebio admit to being citizens of Mexico illegally present in the United States. They made arrangements with an unknown person to be smuggled into the United States from Mexico for $3,000.00 USD. CEJA was going to Pomona, California and VASQUEZ was going to Los Angeles. The group that they were with had an individual with a ladder. This individual gave directions as to how the smuggling event would unfold. These directions included statements about quickly getting over the ladder, jumping from the top of the fence, and then proceeding to an awaiting car on the north side. CEJA stated that once he jumped the primary border fence as instructed by the defendant, he injured his foot due to the height of the fence and the concrete surface that he was forced to land on.

CEJA and VASQUEZ identified the defendant in a photo line-up as the individual with the ladder who was giving directions.