```
 1  KAREN P. HEWITT
    United States Attorney
 2  JAIME D. PARKS
    Assistant United States Attorney
 3  REES F. MORGAN
    Assistant United States Attorney
 4  California State Bar No. 229899
    880 Front Street, Room 6293
 5  San Diego, California  92101-8893
    Telephone: (619) 557-7847
 6  rees.morgan@usdoj.gov

 7  Attorneys for Plaintiff
    United States of America
 8
```

|  | UNITED STATES DISTRICT COURT |
|---|---|
|  | SOUTHERN DISTRICT OF CALIFORNIA |

| UNITED STATES OF AMERICA, | ) | 08MJ2729 |
|---|---|---|
|  | ) | 08MJ2724 |
| Plaintiff, | ) | 08MJ2726 |
|  | ) | 08MJ2727 |
| v. | ) | 08MJ2741 |
|  | ) | 08MJ2722 |
| Carlos ARENAS-Natividad | ) | 08MJ2737 |
| **Victor Hugo COLIN-Ventura** | ) | 08MJ2725 |
| **X    Marco Antonio CONTRERAS-Perez** | | 08MJ2711 |
| Javier CORTES-Magana | ) | 08MJ2734 |
| Mario DIAZ-Hernandez | ) | 08MJ2721 |
| Eric GUZMAN-Lazalde | ) | 08MJ2657 |
| Jacinto HERNANDEZ-Hernandez | ) | 08MJ2737 |
| Angel Fernando MARTIN-Luna | ) | 08MJ2720 |
| Marvin RAMOS-Madrid | ) | |
| Adan del Carmen RAMOS-Martinez | ) | Date: September 9, 2008 |
| Oscar RIVERA-Ochoa | ) | Time: 9:30 a.m. |
| Gloria Patricia RODRIGUEZ-Ramirez | ) | The Honorable Leo S. Papas |
| Louis TORRES-Barajas | ) | |
| Javier VALLE-Izazaga | ) | UNITED STATES' MEMORANDUM |
| | ) | OF POINTS AND AUTHORITIES IN |
| | ) | SUPPORT OF THE UNITED STATES |
| | ) | MOTION TO DETAIN CERTAIN |
| | ) | CRIMINAL ALIEN DEFENDANTS |
| _____ | ) | |

COMES NOW the plaintiff, the UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Rees F. Morgan, Assistant United States Attorney, and hereby files at the request of this Court its memorandum of points and authorities in support of its motion to detain certain criminal alien defendants.

# I.

# INTRODUCTION

With respect to criminal aliens, the United States has requested that this Court require the Defendants to prove that they can lawfully remain in the U.S. if released on bail while their criminal case is proceeding. Condition 7 requires that alien defendants seeking to post bail first establish that they have a legal right to remain in the United States. The Court recently objected to this practice, as the Court believes that requiring criminal aliens to satisfy Condition 7 amounts to de facto detention. Given that concern, the Court, on its own motion, set detention hearings for each of the above-captioned Defendants.

In response to the Court's concern regarding de facto detention, the United States argued before this Court that federal detention is inevitable and unavoidable for each of these Defendants. Even if the Defendants successfully post bail as set by this Court, federal immigration authorities will take custody of each Defendant once they are released from the custody of the U.S. Marshals Service, and that federal immigration custody is ***mandatory with no possibility of bail***. At the Court's request, the government now submits this memorandum to explain (1) why these Defendants face mandatory detention, with no possibility of bail, once they are transferred to the custody of immigration authorities, and (2) why it is preferable to require that the Defendants remain in the custody of the U.S. Marshals Service pending the conclusion of their cases.[1]

# II.

# ARGUMENT

**A. The Defendants Are Statutorily Ineligible for Bond Once in the Custody of Immigration Authorities and Thus Will Never Be Released From Federal Custody**

---

[1] While the United States submits this motion to answer the Court's specific question regarding mandatory detention by the immigration authorities, the United States continues to believe that detention is appropriate for each of these individuals, as they constitute an unreasonable risk of flight based upon their specific characteristics. Each Defendant is an alien with no legal right to remain in the United States, each faces assured deportation at the close of their proceedings (regardless of outcome), and each has limited, if any, contacts to the community. Based on these characteristics, the United States believes that there are no conditions or set of conditions that will reasonably assure their appearance at future proceedings in their cases, should they be released on bond.

2

None of the named Defendants will ever be released from custody in the United States. Should this Court permit any of these Defendants to post a criminal bond/bail, they simply will be transferred from the custody of the U.S. Marshals into the custody of the Department of Homeland Security ("DHS"). Once in DHS custody, these Defendants must remain in detention. Indeed, the Secretary of the Department of Homeland Security *is statutorily prohibited* from considering bail in any of his cases. Accordingly, as this Court has noted, the bail pitch process is a fiction with respect to these Defendants.

The starting point for determining that each of these September 8, 2008 Defendants is ineligible to be released on bail once in the custody of immigration authorities is 8 U.S.C. § 1226. Title 8 U.S.C. § 1226(c) provides that "the Attorney General *shall* take into custody" certain categories of criminal aliens "when the alien is released." See 8 U.S.C. § 1226(c)(1) (emphasis added.)[2] Accordingly, but for certain situations involving the need to protect persons cooperating with law enforcement authorities (none of which apply here), the Secretary of the Department of Homeland Security *must* detain the criminal aliens identified in § 1226(c)(1) without the possibility of release on bail. To determine which categories of criminal aliens must be detained without bail by DHS, 8 U.S.C. § 1226(c) refers to two other statutes: 8 U.S.C. § 1227 and 8 U.S.C. § 1182. These statutes apply to two different categories of criminal aliens: those that were apprehended attempting to enter the United States at a port of entry and thus are considered "inadmissible aliens," and those that were arrested within the United States and thus are considered "deportable aliens." As explained below, each of the Defendants falls into one of these two categories and, under 8 U.S.C. § 1226(c)(1), must be detained without bail once in the custody of immigration authorities.

**1. Title 8 U.S.C. § 1226(c) Requires the Mandatory Detention by DHS of Criminal Aliens Who Are Inadmissible Under 8 U.S.C. § 1182.**

8 U.S.C. § 1226(c)(1) provides that the Secretary of the Department of Homeland Security[3] shall detain any alien who "is inadmissible by reason of having committed any offense covered in

---

[3] Pursuant to 6 U.S.C. § 557 (Homeland Security Act of 2002), reference to the Attorney General of the United States in 8 U.S.C. § 1226 is now deemed to refer to the Secretary of the Department of Homeland Security.

3

Section 1182(a)(2) of this title." See 8 U.S.C. § 1226(c)(1)(A). Section 1182(a)(2) provides that aliens applying for admission to the United States are rendered inadmissible if they have been convicted of, or have admitted committing, a wide variety of crimes. These crimes include 1) crimes of moral turpitude; 2) certain controlled substance convictions; 3) multiple convictions where the aggregate sentences totaled 5 or more years; 4) controlled substance trafficking, whether convicted or suspected; 5) any aggravated felony as defined under 8 U.S.C. § 1101(a)(43); and 6) significant human trafficking, whether convicted or suspected. Therefore, any alien apprehended at a port of entry (and thus deemed an applicant for admission) who has been convicted of the above crimes is ineligible for admission to the United States and ***must be*** detained without bail once in the custody of immigration authorities. As detailed below, many of the Defendants fall into the categories listed in 8 U.S.C. § 1182(a)(2) and must be detained without bail once transferred to DHS custody. As a practical matter, these inadmissible Defendants will never be released on bail in the United States, even if this Court permitted them to post a bond for release from the custody of the U.S. Marshals.[4]

### 2. Title 8 U.S.C. § 1226(c) Requires the Mandatory Detention by DHS of Criminal Aliens Who Are Deportable Under 8 U.S.C. § 1227.

Section 1226(c)(1) provides that the Secretary of the Department of Homeland Security shall detain any alien who "is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." See 8 U.S.C. § 1226(c)(1)(B). Section 1227 renders deportable any alien who has been convicted of a wide variety of crimes. Most importantly for purposes of this memorandum, 8 U.S.C. § 1227 provides that an alien is deportable if the alien has been convicted of 1) any aggravated felony, as defined by 8 U.S.C. § 1101(a)(43), 2) any controlled substance conviction (but for marijuana possession of under 30 grams), 3) virtually any firearm offense, and 4) crimes involving human trafficking. See 8 U.S.C. § 1227(a)(2)(A)(ii), (B), (C), and (D). Therefore, any alien captured within the United States who has been convicted of the above crimes is deportable and

---

[4] Those defendants who were apprehended at a port of entry (and thus are deemed applicants for admission) also must be detained by DHS under 8 U.S.C. § 1225(b)(2)(A). That statute provides that, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien ***shall*** be detained..." See 8 U.S.C. § 1225(b)(2)(A) (emphasis added). Accordingly, the inadmissible Defendants face mandatory detention by immigration authorities under two separate statutes.

4

*must be* detained without bail once in the custody of immigration authorities. As further explained below, many of the Defendants fall into this category. Like the inadmissible criminal aliens, these deportable Defendants will never be released on bail in the United States, even if this Court allowed them to post a bond for release from the custody of the U.S. Marshals. For all practical purposes, they, like the inadmissible Defendants, will remain in federal custody until they are deported.

### 3. Each of the Defendants Falls Into a Statutory Category that Requires Mandatory Detention by DHS.

As demonstrated in the following charts, the Defendants face mandatory detention once in DHS custody under 8 U.S.C. § 1226(c)(1).

#### a. Criminal Defendants

| **Case No** | **Defendant** | **Charge** | **Place of Arrest** | **Deported** | **Convictions** |
|---|---|---|---|---|---|
| 08mj2737 | Hernandez-Hernandez | 1326 | San Diego | 8/19/08 | 1/6/1997 poss c/s for sale with a firearm *aggravated felony* 8 USC 1227(a)(2)(A)(iii) |
| 08mj2721 | Rivera-Ochoa | 1326 | near Imperial Beach (MIA) | 8/29/05 | 09/06/2000 poss/purchase of c/s for sale *aggravated felony* 8 USC 1227(a)(2)(A)(iii) |

5

| | | | | | |
|---|---|---|---|---|---|
| 08mj2711 | Ramos-Madrid | 1326 | Jamul, CA | 7/27/08 (Guatemala) | 7/19/04 attempted home invasion armed/force *aggravated felony* 8 USC 1227(a)(2)(A)(iii) |
| 08mj2729 | Arenas-Natividad | 1326 | Campo, CA | 3/7/03 | 8/10/2001 first degree burglary and sexual battery *aggravated felony* 8 USC 1227(a)(2)(A)(iii) |
| 08mj2720 | Valle-Izazaga | 1326 | San Diego, CA | 4/16/01 | 11/20/1991 rape by force *aggravated felony* 8 USC 1227(a)(2)(A)(iii) |
| 08mj2724 | Colin-Ventura | 1326 | San Ysidro, CA | 7/8/2008 | 12/18/2003 reentry after deport 8/11/2003 reentry after deport 12/4/2007 carrying concealed weapon *firearm offense* 8 USC 1227(a)(2)(C) |

6

| | | | | | |
|---|---|---|---|---|---|
| 08mj2722 | Guzman-Lazalde | 1544 | SYPOE | 4/24/2005 | 6/12/2007 First Degree Burglary *aggravated felony* 8 USC 1182(a)(2)(A)(i)(I) |
| 08mj2657 | Rodriguez-Ramirez | 1326 | Tecate, CA | 1/12/2006 | 1/2004 1135.5 HS-Poss/Purchase Cocaine Base For Sale *controlled substance conviction* (see also 8/01 and 8/96 convictions) 8 USC 1227(a)(2)(B)(I) |
| 08mj2741 | Diaz-Hernandez | 1324 | SYPOE | N/A | *arriving alien*, 8 USC § 1225 |

**b.   Alien Smugglers**

The following five Defendants are all either charged with alien smuggling (bringing an alien to the United States), or were foot guides involved with alien smuggling at the time of their arrest. None of them have immigration status to permit them to lawfully enter or remain in the United States.

Unlike the Defendants discussed above in Section A., these five Defendants, because they are not arriving aliens and do not have aggravated felony or other disqualifying convictions, will be entitled to have their administrative detention status reviewed by an immigration judge (IJ). The IJ may sustain the detention order or set conditions, but in any event will immediately begin the removal process. Because they were apprehended smuggling illegal aliens at the time of their arrest, it is extremely

7

unlikely that they would be entitled to any form of relief from deportation. See Title 8 U.S.C. § 1227 (a)(1)(E)(i)[5].

| Case No | Defendant | Charge | Place of Arrest | Deported | Convictions |
|---|---|---|---|---|---|
| 08mj2725 | Martin-Luna | 1326 | San Ysidro, CA | 7/23/2008 | N/A |
| 08mj2727 | Cortes-Magana | 1326 | Jacumba, CA | 4/2/2008 | N/A |
| 08mj2726 | Contreras-Perez | 1324 | San Ysidro, CA | N/A | N/A |
| 08mj2687 | Torres-Barajas | 1324 | Alpine, CA | N/A | N/A |
| 08mj2734 | Ramos-Martinez | 1324 | Boulevard, CA | N/A | N/A |

**B.    The Defendants Should Remain in the Custody of the U.S. Marshals Service Pending the Outcome of Their Cases.**

Since the Defendants will remain in federal custody regardless of this Court's decision with respect to bail, the Court should order the Defendants detained in the custody of the U.S. Marshals Service rather than permitting Defendants to potentially post a bond and be transferred to the custody of the immigration authorities. Remanding the Defendants to the custody of the U.S. Marshals is preferable for at least two reasons.

**1.    Detention by the U.S. Marshals Will Assure that Defendants Appear at Future Court Proceedings and Preserve the Government's Ability to Prosecute the Defendants for their Instant Offenses.**

In Denmore v. Kim, 538 U.S. 510 (2003), the U.S. Supreme Court held that the immigration authority's detention of criminal non-citizens without bail did not violate the Fifth Amendment

---

[5] In general, any alien who (prior to the date of entry, at the time of any entry, or within 5 years of the date of any entry) knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law is deportable.

8

1  proscription against deprivation of liberty without due process of law. Denmore, 538 U.S. at 528-531.
2  However, the Court sanctioned mandatory detention only for "the brief period" needed to remove the
3  criminal alien. Id. at 529 (noting that criminal aliens held in mandatory detention under 8 U.S.C. §
4  1226(c) will typically be removed in less than 5 months). Accordingly, the Supreme Court's opinion
5  in Denmore has been viewed by immigration authorities as requiring the expeditious removal of
6  criminal aliens. Indeed, once a removal order has been issued or reinstated, immigration authorities
7  must remove a criminal alien within 90 days of the inception of the alien's DHS custody. See 8 U.S.C.
8  § 1231(a)(1)(A).[6]

9  Such prompt deportations will thwart the Government's ability to prosecute the Defendants for
10 the crimes with which they are currently charged. Should this Court permit one of these Defendants to
11 post bond and be released into the custody of the immigration authorities, DHS is under both statutory
12 and judicial pressure to expedite the Defendant's removal from the United States, to say nothing of the
13 logistical pressure of housing additional aliens. If the Defendant is deported by DHS prior to the
14 resolution of his case, the Government will lose the opportunity to establish the Defendant's guilt in
15 court and the Defendant will escape the potential sanction imposed by society for his criminal conduct.
16 Accordingly, this Court should order that these Defendants continue to be detained by the U.S. Marshals
17 to avoid deportation before their cases have been resolved and, if guilty, the appropriate punishment has
18 been meted out.

**2. Detention by the U.S. Marshals Is Beneficial for Defendants Since Time Spent in the Custody of the U.S. Marshals Is Considered Time Served by the Bureau of Prisons, While Time Spent in DHS Custody Is Not.**

21 In addition to society's interest in seeing Defendants punished for their criminal conduct, it
22 would also benefit the Defendants if they remained in the custody of the U.S. Marshals Service pending
23 the resolution of their cases. In this jurisdiction, the vast majority of criminal aliens charged with a
24 crime either plead guilty or are convicted. In all likelihood then, the Defendants will face a term of
25 imprisonment under the jurisdiction of the Bureau of Prisons ("BOP"). While the BOP recognizes time
26 served in the custody of the U.S. Marshals as time served towards their term of imprisonment with the

---

[6] All of these Defendants have been removed previously. Thus, upon transfer to DHS custody, each defendant's prior removal order will be reinstated automatically and the 90-day clock prescribed under 8 U.S.C. § 1231(a)(1)(A) will begin to run.

9

BOP, the same is not true with respect to time served in the custody of immigration authorities.[7/] Given the usual course for those charged with a 1326 violation, Defendants almost assuredly will benefit from remaining in U.S. Marshal custody as opposed to DHS custody, since the time they serve with the Marshals will shorten the length of their stay with the BOP.

## III.

## CONCLUSION

For the reasons stated above, the United States respectfully requests that this Court order the Defendants detained in the custody of the U.S. Marshals Service.

DATED:   September 8, 2008.

                                      Respectfully submitted,

                                      KAREN P. HEWITT
                                      United States Attorney

                                      /s/ Rees F. Morgan
                                      REES F. MORGAN
                                      Assistant United States Attorney

                                      /s/ Jaime D. Parks
                                      Jaime D. Parks
                                      Assistant United States Attorney

---

[7/]   Pursuant to 18 U.S.C. § 3585, the Attorney General is responsible for sentence computation decisions. United States v. Wilson, 112 S.Ct. 1351 (1992). This authority has been delegated to the Federal Bureau of Prisons. 28 C.F.R. § 0.96. Program Statement 5880.28, Sentence Computation Manual establishes the policies and procedures utilized by the Federal Bureau of Prisons for computation of sentences. It states:

> Official detention does not include time spent in the custody of the U.S. Immigration and Naturalization Service (INS) under the provisions of 8 U.S.C. § 1252 pending a final determination of deportability. An inmate being held by INS pending a civil deportation determination is not being held in "official detention" pending criminal charges. (See Ramirez-Osorio v. INS, 745 F.2d 937, rehearing denied 751 F.2d 383 (5th Cir. 1984); Shoaee v. INS, 704 F.2d 1079 (9th Cir. 1983); and Cabral-Avila v. INS, 589 F.2d 957 (9th Cir. 1978), cert. denied 440 U.S. 920, 99 S.Ct 1245, 59 L.Ed2d 472 (1979).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 08MJ2729 |
| | ) | 08MJ2724 |
| Plaintiff, | ) | 08MJ2726 |
| | ) | 08MJ2727 |
| v. | ) | 08MJ2741 |
| | ) | 08MJ2722 |
| Carlos ARENAS-Natividad | ) | 08MJ2737 |
| Victor Hugo COLIN-Ventura | ) | 08MJ2725 |
| Marco Antonio CONTRERAS-Perez | ) | 08MJ2711 |
| Javier CORTES-Magana | ) | 08MJ2734 |
| Mario DIAZ-Hernandez | ) | 08MJ2721 |
| Eric GUZMAN-Lazalde | ) | 08MJ2657 |
| Jacinto HERNANDEZ-Hernandez | ) | 08MJ2737 |
| Angel Fernando MARTIN-Luna | ) | 08MJ2720 |
| Marvin RAMOS-Madrid | ) | |
| Adan del Carmen RAMOS-Martinez | ) | Date: September 9, 2008 |
| Oscar RIVERA-Ochoa | ) | Time: 9:30 a.m. |
| Gloria Patricia RODRIGUEZ-Ramirez | ) | The Honorable Leo S. Papas |
| Louis TORRES-Barajas | ) | |
| Javier VALLE-Izazaga | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Jaime Parks, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the Notice of Appearance as lead counsel for the United States, dated September 8, 2008, and this Certificate of Service, dated September 8, 2008, on the following parties by electronically filing the foregoing with the Clerk of the U.S. District Court for the Southern District of California using its ECF System, which electronically notifies:

Federal Defenders, counsel for Carlos ARENAS-Natividad
David Zugman, counsel for Victor Hugo COLIN-Ventura
David H. Bartick counsel for Marco Antonio CONTRERAS-Perez
Federal Defenders, counsel for Javier CORTES-Magana
Wendy Gerboth, counsel for Mario DIAZ-Hernandez
Federal Defenders, counsel for Eric GUZMAN-Lazalde
Michael Burke, counsel for Jacinto HERNANDEZ-Hernandez

1. Robert Schlein, counsel for Angel Fernando MARTIN-Luna
2. David Casillas, counsel for Marvin RAMOS-Madrid
3. Federal Defenders, counsel for Adan del Carmen RAMOS-Martinez
4. Federal Defenders, counsel for Oscar RIVERA-Ochoa
5. Federal Defenders, counsel for Gloria Patricia RODRIGUEZ-Ramirez
6. Oliver Cleary, counsel for Louis TORRES-Barajas
7. Federal Defenders, counsel for Javier VALLE-Izazaga

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on September 8, 2008.

          /s/Jaime D. Parks
          JAIME D. PARKS
          Assistant United States Attorney

Certificate of Service

| Case | Number |
|---|---|
| United States v. Carlos ARENAS-Natividad | 08MJ2729 |
| United States v. Victor Hugo COLIN-Ventura | 08MJ2724 |
| United States v. Marco Antonio CONTRERAS-Perez | 08MJ2726 |
| United States v. Javier CORTES-Magana | 08MJ2727 |
| United States v. Mario DIAZ-Hernandez | 08MJ2741 |
| United States v. Eric GUZMAN-Lazalde | 08MJ2722 |
| United States v. Jacinto HERNANDEZ-Hernandez | 08MJ2737 |
| United States v. Angel Fernando MARTIN-Luna | 08MJ2725 |
| United States v. Marvin RAMOS-Madrid | 08MJ2711 |
| United States v. Adan del Carmen RAMOS-Martinez | 08MJ2734 |
| United States v. Oscar RIVERA-Ochoa | 08MJ2721 |
| United States v. Gloria Patricia RODRIGUEZ-Ramirez | 08MJ2657 |
| United States v. Louis TORRES-Barajas | 08MJ2737 |
| United States v. Javier VALLE-Izazaga | 08MJ2720 |